IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEPHEN DOWSWELL, individually and )
as Special Administrator of the Estate of )
PHOENIX DOWSWELL, a deceased )
minor, )
                                                        ) Case No. 22-cv-1118-SMY-GCS
                Plaintiff, )
                                                        )
vs. )
                                                        )
MEAD JOHNSON & COMPANY, LLC, )
MEAD JOHNSON NUTRITION )
COMPANY, ABBOTT LABORATORIES, )
                                                        )
                Defendants. )

## MEMORANDUM AND ORDER

**Yandle, District Judge:**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Gilbert C. Sison (Doc. 12) recommending that the undersigned grant the Plaintiff Stephen Dowswell's Motion for Remand (Doc. 7). Defendant Abbott Laboratories filed a Notice of Consent to Plaintiff's Motion to Remand (Doc. 10). Defendants Mead Johnson & Company, LLC and Mead Johnson Nutrition Company filed a timely objection to the Report and Recommendation (Doc. 18) and Plaintiff filed a Response to the Objection (Doc. 26). For the following reasons, The Court **ADOPTS** Judge Sison's Recommendation.

### Background

Plaintiff Stephen Dowswell filed the instant action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois (Doc. 1-1). He asserts a several product liability related claims arising from his son developing necrotizing enterocolitis (NEC) around the time of his birth. (*Id.*)

More specifically, Plaintiff claims injuries resulting from Defendants' allegedly defective design of preterm infant formula products, failure to warn of the dangers of Defendants' products, negligence, and intentional and negligent misrepresentation of facts about Defendants' products. (*Id.*) Defendant Abbott Laboratories removed the case to this Court based on diversity jurisdiction under 28 U.S.C. §§§ 1332, 1441, and 1446 (Doc. 1).

Plaintiff's Motion to Remand was filed on June 1, 2022 (Doc. 7). On June 2, 2022, Abbott filed a Notice of Consent to Remand after being informed by Mead Nutrition and Mead Company that they were properly served on June 1, 2022 (Doc. 10). Magistrate Judge Sison's Report and Recommendation was issued on June 6, 2022 (Doc. 12).

Judge Sison noted the following in his Report: Abbott asserts in is Notice of Removal that neither it nor the Mead Defendants had been properly served with the Complaint or other process; Abbott further asserts that the amount in controversy exceeds $75,000; Abbott alleges complete diversity of citizenship between the parties as Plaintiff is a citizen of North Carolina, Abbott is an Illinois corporation, Defendant Mead Nutrition is a corporation incorporated under the laws of Delaware with a principal place of business in Indiana, and Defendant Mead Company is a limited liability company whose sole member is Mead Nutrition. Based on the evidence presented, Judge Sison concluded that the Mead Defendants' principal place of business is in Illinois, and therefore, the "forum defendant rule" compels remand.

The Mead Defendants filed an objection only with respect to Judge Sison's finding regarding citizenship of the parties. They complain that they were not given an opportunity to present evidence and authority proving that they were *not* citizens of Illinois. While they also argue that remand should be based upon the consent of the removing party (Abbott), not Judge Sison's findings, significantly, they do not object to remand. Similarly, Plaintiff argues, "[b]ecause the

Removing Defendant consented to remand and the remaining Defendants do not object to the Consent to Remand, this Court should simply remand the matter back to Madison County, Illinois based on the filed Consent of the Removing party." (Doc. 26).

## Discussion

Because a timely objection was filed, the undersigned must undertake a *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers,* 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the Court to "give fresh consideration to those issues to which specific objections have been made" and to make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id*. Consistent with these standards, the Court has reviewed Judge Sison's Report *de novo*.

Pursuant to 28 U.S.C. §1332(c)(1), a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." A company's "principal place of business" is its "nerve center," which is oftentimes where the company maintains its headquarters. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010); *see also Wisconsin Knife Works v. Nat'l Metal Crafters*, 781 F.2d 1280, 1282 (7th Cir. 1986).

The Mead Defendants have presented evidence establishing that: (1) Mead Johnson & Company, LLC is a Delaware limited liability company; (2) Mead Johnson Nutrition Company is a Delaware corporation; (3) Mead Johnson Nutrition Company is the sole member of Mead Johnson & Company, LLC; and, (4) both Mead Johnson & Company, LLC and Mead Johnson

Nutrition Company maintain their principal place of business in Indiana (Doc. 18 at p. 2). On this evidence, the Court concludes that Judge Sison's finding that the Mead Defendants are citizens of Illinois to be in error. That said, given Abbott's consent to remand and the absence of an objection to remand by the Mead Defendants, Judge Sison's ultimate Recommendation that the case be remanded is sound.

After thoroughly reviewing the record before it, the Court **REJECTS** Judge Sison's finding that Defendant Mead Johnson & Company LLC and Mead Johnson Nutrition Company citizens of Illinois, but **ADOPTS** his ultimate Recommendation that the case be remanded back to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. Accordingly, this case is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois. All pending motions are terminated as **MOOT** and the Clerk of Court is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

**DATED: July 18, 2022**

**STACI M. YANDLE**
**United States District Judge**